UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00061-JPH-TAB |
| | ) | |
| ANTWAND WALLACE, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Antwand Wallace has filed a petition for certification of interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. [52]. That statute, however, expressly applies "in a civil action," 28 U.S.C. § 1292(b), and Mr. Wallace identifies no other authority to support certification of an interlocutory appeal here. *See United States v. Pace*, 201 F.3d 1116, 1119 (9th Cir. 2000) ("Because of the statutory qualification, section 1292(b) certifications cannot confer interlocutory appellate jurisdiction in criminal prosecutions."). Instead, in criminal cases, the final-judgment rule established in the Judiciary Act of 1789 generally "prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989); *accord United States v. Henderson*, 915 F.3d 1127, 1130–31 (7th Cir. 2019).

Mr. Wallace's petition for certification of interlocutory appeal is therefore **DENIED without prejudice** to being renewed in a motion that addresses the issues identified in this order or identifies an appropriate basis for seeking certification of an interlocutory appeal.

1

**SO ORDERED.**

Date: 9/11/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel